Benjamin Heikali (SBN 307466)
Joshua Nassir (SBN 318344)
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: bheikali@faruqilaw.com
          jnassir@faruqilaw.com

*Attorneys for Plaintiffs Gabriela Zaragoza
and Joseph Coyle*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA ZARAGOZA and JOSEPH COYLE, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>            v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Civil Code §1750, *et seq.***<br><br>2. **Violation of California Business and Professions Code § 17200, *et seq.***<br><br>3. **Violation of California Business and Professions Code § 17500, *et seq.***<br><br>4. **Breach of Express Warranty**<br><br>5. **Breach of Implied Warranty**<br><br>6. **Common Law Fraud**<br><br>7. **Quasi-Contract/Restitution**<br><br>8. **Violation of New York General Business Law § 349**<br><br>9. **Violation of New York General Business Law § 350**<br><br>        **JURY TRIAL DEMANDED** |

1   Plaintiffs Gabriela Zaragoza ("Plaintiff Zaragoza") and Joseph Coyle ("Plaintiff Coyle")

2   (collectively, "Plaintiffs"), by and through their counsel, bring this Class Action Complaint against

3   Defendant Apple Inc. ("Apple" or "Defendant"), on behalf of themselves and all others similarly

4   situated, and allege upon personal knowledge as to their own actions, and upon information and belief

5   as to counsel's investigations and all other matters, as follows:

6   **NATURE OF THE ACTION**

7       1.      Plaintiffs bring this consumer protection and false advertising class action lawsuit

8   against Apple, based on its false and misleading business practices with respect to the marketing and

9   sale of television show ("TV show(s)") season bundles offered on Apple's iTunes store on the Apple

10  TV 4 and 4k devices ("Apple TVs").[1]

11      2.      Through Apple's iTunes store, consumers can browse a variety of TV shows on their

12  Apple TVs. Each TV show offered on Apple's iTunes store has its own home page, providing

13  consumers with general information regarding their selected TV show.

14      3.      On the home page for each TV show on iTunes, Apple offers consumers three

15  purchasing options[2] at set prices. First, consumers may purchase episodes individually. Second,

16  consumers can purchase completed seasons ("Buy Season"). Third, if the TV show's season has

17  remaining episodes, a season pass can be purchased, offering all current and future episodes for the

18  season ("Season Pass") (collectively, with "Buy Season", the "Season Features").

19      4.      On each home page, Apple conspicuously represents the number of episodes available

20  in the season. However, unbeknownst to consumers, many of the "episodes" offered by Apple are not

21  standard, plot-based episodes of the TV show, but promotional clips.[3]

22      5.      Consumers purchase the Season Features, reasonably believing that each episode is a

23  standard, plot-based episode and that, by purchasing the Season Features, they are receiving a

24  significant discount over purchasing each episode individually. However, because many of the

25  episodes in the Season Features are promotional clips, consumers are not receiving the number of

26  _____

27  [1] This action only concerns TV shows sold on Apple TV 4 and 4k.
    [2] Depicted *infra* in paragraphs 20, 24, and 28.

28  [3] *Id.*

**CLASS ACTION COMPLAINT**

1    episodes and the discount they expected.

2        6.    Had Plaintiffs and other consumers known that the Season Features provided fewer

3    standard, plot-based episodes than Apple represented, they would not have purchased the Season

4    Features or would have paid significantly less for them. Therefore, Plaintiffs and consumers have

5    suffered injury in fact as a result of Apple's deceptive practices.

6        7.    Plaintiffs bring this class action lawsuit on behalf of themselves and all others similarly

7    situated.  Plaintiffs seek to represent a California Subclass, a California Consumer Subclass, a New

8    York Subclass, and a Nationwide Class (defined *infra* in paragraphs 44-48) (collectively referred to

9    as "Classes").

10       8.    Plaintiffs, on behalf of themselves and other consumers, are seeking damages,

11   restitution, declaratory and injunctive relief, and all other remedies the court deems appropriate.

12                            **JURISDICTION AND VENUE**

13       9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because

14   this case is a class action where the aggregate claims of all members of the proposed Classes are in

15   excess of the amount in controversy requirement, exclusive of interests and costs, and Plaintiff Coyle,

16   as well as most members of the proposed Classes, which total more than 100 class members, are

17   citizens of states different from the state of Defendant.

18       10.   This Court has personal and general jurisdiction over Defendant because Defendant is

19   incorporated in California and maintains its principal place of business, or "nerve center" at its

20   headquarters in Cupertino, California. Further, Defendant has sufficient minimum contacts in

21   California, or otherwise intentionally did avail itself of the markets within California, through its sale

22   of the TV shows and Season Features in California and to California consumers.

23       11.   Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1) because Defendant

24   resides in Cupertino, California, which is located in this District.

25                                    **PARTIES**

26       12.   Plaintiff Gabriela Zaragoza is a citizen of California, residing in Davis.  On May 31,

27   2017, Mrs. Zaragoza purchased a Season Pass for Season 1 of the TV show "Genius: Einstein" from

28

**CLASS ACTION COMPLAINT**

1    Apple's iTunes store. Prior to purchasing the Season Pass, Mrs. Zaragoza saw the home screen for

2    "Genius: Einstein", which represented that Mrs. Zaragoza could purchase a Season Pass for the first

3    season for a total price of $24.99. According to the home screen for the TV show, the price for a

4    single episode of "Genius: Einstein" was $2.99. Furthermore, at the time of Mrs. Zaragoza's purchase,

5    Apple represented that Season 1 had 13 episodes so far. For this reason, Mrs. Zaragoza believed that

6    she would receive 13 standard, plot-based episodes, and that purchasing the Season Pass would result

7    in a significant discount over purchasing each episode separately. However, only 6 out of 13

8    "episodes" were standard plot-based episodes. The remaining 7 "episodes" were promotional clips.

9    Mrs. Zaragoza would not have purchased the Season Pass, or would have significantly less for it, had

10   she known that 6 out of 13 "episodes" represented on the "Genius: Einstein" home screen were

11   promotional clips. Mrs. Zaragoza therefore suffered injury in fact and lost money as a result of

12   Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

13        13.    Plaintiff Joseph Coyle is a citizen of New York, residing in New York City. On May

14   20, 2018, Mr. Coyle purchased a Season Pass for Season 1 of the TV show "Killing Eve" from

15   Apple's iTunes store. Prior to purchasing the Season Pass, Mr. Coyle saw the home screen for "Killing

16   Eve", which represented that Mr. Coyle could purchase a Season Pass for the season for a total price

17   of $19.99. According to the home screen for the TV show, the price for a single episode of "Killing

18   Eve" was $2.99. Furthermore, at the time of Mr. Coyle's purchase, Apple represented that Season 1

19   had 11 episodes so far. For this reason, Mr. Coyle believed that he would receive 11 standard, plot-

20   based episodes, and that purchasing the Season Pass would result in a significant discount over

21   purchasing each episode separately. However, only 5 out of 11 "episodes" were standard plot-based

22   episodes. The remaining 6 "episodes" were promotional clips. Mr. Coyle would not have purchased

23   the Season Pass, or would have significantly less for it, had he known that 6 out of 11 "episodes"

24   represented on the "Killing Eve" home screen were promotional clips. Mr. Coyle therefore suffered

25   injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent

26   practices, as described herein.

27        14.    Defendant Apple Inc. is incorporated in California with its principal place of business

28

**CLASS ACTION COMPLAINT**

in Cupertino, California.  Defendant, directly and/or through its agents, markets, advertises, and sells the Season Features nationwide, including in California and New York, throughout the class period. Defendant has maintained substantial sales in this District. Based on information and belief, Defendant maintains a portion of its marketing, including senior marketing managers in addition to the design and marketing of the Season Features, in California.

### FACTUAL ALLEGATIONS

**I.    Defendant's False And Misleading Advertising Of The TV Shows**

15.    The Apple TV 4 and 4K are multi-media, entertainment devices which offer a wide-range of media applications. The Apple TVs broadcast the media applications onto users' televisions.

16.    Through the Apple TVs, consumers can browse through Apple's iTunes multi-media store ("iTunes"), which offers users the ability to purchase, *inter alia*, movies, music, and television shows.

17.    Each TV show offered on iTunes has its own home page, providing consumers with general information regarding their selected TV show.

18.    When browsing the home pages for TV shows available on the iTunes store, consumers are provided three purchasing options. First, consumers can purchase individual episodes at a certain set price per episode (e.g., $2.99). Second, if a TV show offers a completed season with no episodes awaiting release, consumers may use the "Buy Season" feature and purchase the entire season for a set total price. Third, if the season has released some episodes but is incomplete, consumers may purchase a "Season Pass," giving them access to all current and future episodes for the season at a set total price.

19.    At all relevant times, Apple conspicuously represents the number of total episodes included in the Season Features.

**CLASS ACTION COMPLAINT**

1      20.    For example, Apple represents that the completed first season of "Genius: Einstein"

2 has 22 episodes:

21.    Therefore, the Buy Season feature allows consumers to purchase "22 episodes" of

"Genius: Einstein" for a set total price: $14.99.

22.    A reasonable consumer purchasing the Buy Season feature for the first season of

"Genius: Einstein" would believe he or she is receiving 22 standard, plot-based episodes of the show.

23.    However, contrary to the representations made to Plaintiffs and other consumers, the

first season of "Genius: Einstein" only contains 10 standard, plot-based episodes. The remaining 12

episodes are promotional clips.

24.    As with "Genius: Einstein", the same false and deceptive practice occurs with Apple's

representation that season two of "Westworld" has 25 episodes:

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15      25.     As shown above, Apple represents that consumers may use the Buy Season feature to

16 purchase the entire 25-episode season of "Westworld" for a set total price: $38.99.

17      26.     A reasonable consumer purchasing the Buy Season feature for the second season of

18 "Westworld" would believe he or she is receiving 25 standard, plot-based episodes of the show.

19      27.     However, the second season of "Westworld" only has 10 standard, plot-based

20 episodes. The remaining 15 "episodes" are promotional clips.

21      28.     These misrepresentations are consistent with Apple's Season Pass feature. For

22 example, Apple represents the Season Pass for Season 6 of "The Americans" will provide consumers

23 with 11 episodes:

24
25
26
27
28

6

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16      29.     As shown above, the Season Pass feature allows consumers to purchase 11 episodes

17  of season six of "The Americans" for a set total price: $24.99.

18      30.     However, the Season Pass only provides consumers with 10 standard, plot-based

19  episodes.

20      31.     Apple is thereby deceiving consumers who use the Season Features by providing them

21  with fewer standard, plot-based episodes than promised.

22      32.     Consequently, consumers who utilize the Season Features are not receiving the benefit

23  of the bargain and have been injured as a result of Apple's false and misleading practices.

24  **II.     Plaintiffs And Other Consumers Have Been Deceived And Harmed**

25      33.     Plaintiffs and other consumers purchased Season Features from the iTunes store,

26  reasonably relying on Apple's representations that Plaintiffs and other consumers will receive a

27  certain number of "episodes."

28

**CLASS ACTION COMPLAINT**

34.     Plaintiffs and other consumers reasonably interpret "episodes" to mean standard, plot-based episodes of a show.

35.     Therefore, when Apple represents that a consumer will receive a certain number of episodes, Plaintiffs and other consumers reasonably believe they will receive that many standard, plot-based episodes of a show.

36.     Because the TV show seasons do not contain the full number of episodes as represented on the iTunes home screens for the respective shows, as reasonably expected by Plaintiffs and other consumers, Apple's uniform practice regarding the marketing and sale of the Season Features was and continues to be misleading and deceptive.

37.     Had Plaintiffs and other consumers known that they would receive fewer standard, plot-based episodes than Apple represented they would receive in purchasing the Season Features, they would not have paid for the Season Features, or would have paid significantly less for them.

38.     Therefore, Plaintiffs and members of the Classes have been deceived by Apple's representations and have suffered injury in fact as a result of Apple's improper and deceptive practices.

39.     Because Apple and/or its agents marketed and designed the iTunes store, the Season Features, and the information regarding the episodes, Apple knew or should have known that the representations regarding the number of episodes in a season were false and misleading.

40.     Apple knew or should have known that Plaintiffs and other members of the Classes, in purchasing the Season Features, would rely on Apple's representation regarding the number of episodes in a season to mean that each episode was a standard, plot-based episode, not a promotional clip.

41.     Each class member has been exposed to the same or substantially similar deceptive practice, as at all relevant times (1) Apple uniformly represents that its Season Features offer a certain number of episodes; and (2) subsequent to class members' purchases, Apple provides the class members with fewer episodes than previously represented.

42.     Despite being deceived by Apple, Plaintiffs wish and are likely to continue purchasing

**CLASS ACTION COMPLAINT**

Apple's iTunes Season Features, but only if Apple accurately represents the number of episodes to be included by the Season Features. Although Plaintiffs regularly visit Apple's iTunes store, where Apple's Season Features are sold, because Plaintiffs were deceived in the past by Apple, absent an injunction, they will be unable to rely with confidence on Apple's representations in the future and will therefore abstain from purchasing Season Features, even though they would like to purchase them. In addition, members of the proposed classes run the risk of continuing to purchase the Season Features under the assumption that the number of episodes promised by the Season Features would actually be supplied subsequent to purchase. Until Apple redesigns its iTunes store, or Apple is enjoined from making further false and misleading representations, Plaintiffs and other consumers will continue to bear this ongoing injury.

43.     As a result of its misleading business practice, and the harm caused to Plaintiffs and other consumers, Apple should be required to pay for all damages caused to consumers, including Plaintiffs.  Furthermore, Apple should be enjoined from engaging in these deceptive practices.

## CLASS ACTION ALLEGATIONS

44.     Plaintiffs bring this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of themselves and all persons in the United States who, within the relevant statute of limitations periods, purchased for personal, family, or household, purposes any of the Season Features on Apple TV 4 or 4k, for TV shows containing fewer episodes than represented at the time of purchase ("Nationwide Class").

45.     Plaintiff Zaragoza also seeks to represent a subclass defined as all California citizens who, within the relevant statute of limitations periods, purchased any of the Season Features on Apple TV 4 or 4k, for TV shows containing fewer episodes than represented at the time of purchase ("California Subclass").

46.     Plaintiff Zaragoza also seeks to represent a subclass defined as all California citizens who, within the relevant statute of limitations periods, purchased, for personal, family, or household, purposes any of the Season Features on Apple TV 4 or 4k, for TV shows containing fewer episodes than represented at the time of purchase ("California Consumer Subclass").

**CLASS ACTION COMPLAINT**

47.     Plaintiff Coyle also seeks to represent a subclass defined as all New York citizens who, within the relevant statute of limitations periods, purchased any of the Season Features on Apple TV 4 or 4k, for TV shows containing fewer episodes than represented at the time of purchase ("New York Subclass").

48.     Excluded from the Classes are Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and its legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.  Any judge and/or magistrate judge to whom this action is assigned, and any members of such judges' staffs and immediate families are also excluded from the Classes.  Also excluded from the Classes are persons or entities that purchased the Season Features for sole purposes of resale.

49.     Plaintiffs hereby reserve the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

50.     Plaintiff Zaragoza is a member of the Nationwide Class, California Subclass, and California Consumer Subclass.

51.     Plaintiff Coyle is a member of the Nationwide Class and the New York Subclass.

52.     Numerosity:  According to information and belief, Defendant has sold tens of thousands of Season Features.  The Season Features are sold online via Apple's iTunes store.  Further, members of the Classes are so numerous that their individual joinder herein is impractical.  While the precise number of class members and their identities are unknown to Plaintiffs at this time, the number may be determined through discovery.

53.     Common Questions Predominate:  Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual class members. Common legal and factual questions include, but are not limited to, whether Apple's representations regarding the number of episodes included in its Season Features are false and misleading, and therefore violate various consumer protection statutes and common laws.

54.     Typicality:  Plaintiffs' claims are typical of the claims of the Classes they seek to represent in that Plaintiffs and members of the Classes were all exposed to the same or substantially

1  similar false and misleading representations, purchased the Season Features relying on the uniform

2  false and misleading representations, and suffered losses as a result of such purchases.

3       55.  Adequacy:  Plaintiffs are adequate representatives of the Classes because their

4  interests do not conflict with the interests of the members of the Classes they seek to represent, they

5  have retained competent counsel experienced in prosecuting class actions, and they intend to

6  prosecute this action vigorously.  The interests of the members of the Classes will be fairly and

7  adequately protected by the Plaintiffs and their counsel.

8       56.  Superiority:  A class action is superior to other available means for the fair and efficient

9  adjudication of the claims of the members of the Classes.  The size of each claim is too small to pursue

10  individually, and each individual Class member will lack the resources to undergo the burden and

11  expense of individual prosecution of the complex and extensive litigation necessary to establish

12  Defendant's liability.  Individualized litigation increases the delay and expense to all parties and

13  multiplies the burden on the judicial system presented by the complex legal and factual issues of this

14  case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.

15  The class action mechanism is designed to remedy harms like this one that are too small in value,

16  although not insignificant, to file individual lawsuits for.

17       57.  This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure

18  23(b)(2) because Defendant has acted or refused to act on grounds that are generally applicable to the

19  class members, thereby making final injunctive relief appropriate with respect to all Classes.

20       58.  This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure

21  23(b)(3) because the questions of law and fact common to the members of the Classes predominate

22  over any questions that affect only individual members, and because the class action mechanism is

23  superior to other available methods for the fair and efficient adjudication of the controversy.

24

25

26

27

28

**CLASS ACTION COMPLAINT**

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq.***
(*for the Nationwide Class; in the alternative, for the California Consumer Subclass*)

59.    Plaintiffs repeat the allegations contained in paragraphs 1-58 above as if fully set forth herein.

60.    Plaintiffs bring this claim individually and on behalf of the Nationwide Class, or in the alternative, for the California Consumer Subclass, against Defendant.

61.    The Season Features are "services" pursuant to California Civil Code ("Cal. Civ. Code") § 1761(b), and the purchases of the Season Features by Plaintiffs and members of the Nationwide and California Consumer Subclass constitute "transactions" pursuant to Cal. Civ. Code § 1761(e). Further, Plaintiffs and members of the proposed Nationwide and California Consumer Subclass are consumers within the meaning of Cal. Civ. Code § 1761(d).

62.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ." By representing that the Season Features offer a specific number of episodes with consumers' purchase, Apple represents that the Season Features have a specific characteristic or quantity of episodes. However, the Season Features provide fewer episodes than represented. Apple also represents that the episodes included in the Season Features are standard, plot-based episodes and thereby are of a particular characteristic. However, many of the episodes included in the Season Features are not standard, plot-based episodes but promotional clips.   Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

63.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By representing that the Season Features offer a specific number of episodes with consumers' purchase, Apple represents that its services of are a particular standard or quality. Specifically, Apple represents that the Season Features have the standard or quality of containing the same number of episodes as represented to consumers prior to purchase. However, the Season Features provide fewer episodes than represented. Apple also represents that the episodes included in the Season Features are standard, plot-based episodes and thereby are of a particular standard, quality, and grade. However, many of the episodes included in

the Season Features are not standard, plot-based episodes but promotional clips. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

64.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." Apple represents that the Season Features offer a specific number of episodes with consumers' purchase. However, the Season Features provide fewer episodes than represented. By intentionally providing fewer episodes than represented to consumers, Apple has violated section 1770(a)(9) of the CLRA.

65.    At all relevant times, Apple knew or reasonably should have known that the Season Features did not supply all the episodes originally promised, and that Plaintiffs and other members of the Nationwide and California Consumer Subclass would reasonably and justifiably rely on the Season Features' representations as to the number of episodes in purchasing the Season Features.

66.    Plaintiffs and members of the Nationwide and California Consumer Subclass reasonably and justifiably relied on Apple's misleading and fraudulent representations about the Season Features when purchasing them. Moreover, based on the very materiality of Apple's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Season Features may be presumed or inferred for Plaintiffs and members of the Nationwide and California Consumer Subclass.

67.    Plaintiffs and members of the Nationwide and California Consumer Subclass suffered injuries caused by Apple because they would not have purchased the Season Features, or would have paid significantly less for the Season Features, had they known that Apple's conduct was misleading and fraudulent.

68.    Under Cal. Civ. Code § 1780(a), Plaintiffs and members of the Nationwide and California Consumer Subclass seek damages, restitution, declaratory and injunctive relief, and all other remedies the Court deems appropriate for Apple's violations of the CLRA.

69.    Pursuant to Cal. Civ. Code § 1782, on July 31, 2018, counsel for Plaintiffs mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant.[4] Defendant

---

[4] *See* **Exhibit "A".**

1    received the notice and demand letter on August 2, 2018.[5]  Because Defendant has failed to fully

2    rectify or remedy the damages caused within 30 days after receipt of the notice and demand letter,

3    Plaintiffs timely filed the Class Action Complaint for a claim for damages under the CLRA.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq.***
**(*for the Nationwide Class; in the alternative, for the California Subclass*)**

7        70.    Plaintiffs repeat the allegations contained in paragraphs 1-58 above as if fully set forth

8    herein.

9        71.    Plaintiffs bring this claim individually and on behalf of the members of the proposed

10   Nationwide Class, or in the alternative, the California Subclass against Defendant.

11       72.    UCL § 17200 provides, in pertinent part, that "unfair competition shall mean and

12   include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or

13   misleading advertising . . . ."  California Business and Professional Code ("Cal. Bus. & Prof. Code")

14   §§ 17200.

15       73.    Under the UCL, a business act or practice is "unlawful" if it violates any established

16   state or federal law.

17       74.    Apple's false and misleading representations surrounding the number of episodes

18   offered by the Season Features therefore was and continues to be "unlawful" because it violates the

19   CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

20       75.    As a result of Apple's unlawful business acts and practices, Apple has and continues

21   to unlawfully obtain money from Plaintiffs and members of both the Nationwide Class and California

22   Subclass.

23       76.    Under the UCL, a business act or practice is "unfair" if the defendant's conduct is

24   substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive,

25   and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity

26   of the harm to the alleged victims.

27

28   [5] *Id.*

77.     Apple's conduct was and continues to be of no benefit to purchasers of the Season Features, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the representations about the Season Features but do not get what they were expecting.   Deceiving consumers about the contents of the Season Features is of no benefit to the consumers.   Therefore, Defendant's conduct was and continues to be "unfair."

78.     As a result of Apple's unfair business acts and practices, Apple has and continues to unfairly obtain money from Plaintiff, and members of both the Nationwide Class and California Subclass.

79.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

80.     Apple's conduct here was and continues to be fraudulent because it has and will continue to likely deceive consumers into believing that the Season Features would provide the same number of episodes as represented prior to purchase, when they do not.   Because Apple misled and will likely continue to mislead Plaintiffs and members of both the Nationwide Class and California Subclass, Apple's conduct was "fraudulent."

81.     As a result of Apple's fraudulent business acts and practices, Apple has and continues to fraudulently obtain money from Plaintiffs, and members of both the Nationwide Class and California Subclass.

82.     Plaintiffs request that this Court cause Apple to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiffs, and members of both the Nationwide Class and California Subclass, to disgorge the profits Apple made on these transactions, and to enjoin Apple from violating the UCL or violating it in the same fashion in the future as discussed herein.   Otherwise, Plaintiff, and members of both the Nationwide Class and California Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

83.     Monetary damages are an inadequate remedy at law because injunctive relief is necessary to deter Defendant from continuing its false and deceptive conduct regarding the Season Features.

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL"),**
**California Business & Professions Code §§ 17500, et seq.**
(*for the Nationwide Class; in the alternative, for the California Subclass*)

84.    Plaintiffs repeat the allegations contained in paragraphs 1-58 above as if fully set forth herein.

85.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class, or in the alternative, for the California Subclass against Apple.

86.    California's FAL makes it "unlawful for any person . . . to make or disseminate or cause to be made or disseminated before the public in . . . any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or . . . services, professional or otherwise . . . or performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code §§ 17500.

87.    Apple has represented and continues to represent to the public, including Plaintiffs and members of both the Nationwide Class and California Subclass, that the Season Features contain a specific number of standard episodes.  Apple's representations are false and misleading because the Season Features do not provide consumers with the full number of episodes represented prior to purchase. Because Apple has disseminated false and misleading information regarding their Season Features, and Apple knew or should have known, through the exercise of reasonable care, that the information was and continues to be false and misleading, Apple has violated the FAL and continues to do so.

88.    As a result of Apple's false advertising, Apple has and continues to fraudulently obtain money from Plaintiffs and members of both the Nationwide Class and California Subclass.

89.    Plaintiffs request that this Court cause Apple to restore this fraudulently obtained money to Plaintiffs and members of both the Nationwide Class and California Subclass, to disgorge the profits Apple made on these transactions, and to enjoin Apple from violating the FAL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiffs and members of both the Nationwide Class and California Subclass may be irreparably harmed and/or denied an effective

1    and complete remedy if such an order is not granted.

2        90.    Monetary damages are an inadequate remedy at law because injunctive relief is

3    necessary to deter Apple from continuing its false and deceptive conduct regarding the Season

4    Features.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
(**for the Nationwide Class; in the alternative, for the California Subclass**
**and New York Subclass**)

7        91.    Plaintiffs repeat the allegations contained in paragraphs 1-58 above as if fully set forth

8    herein.

9        92.    Plaintiffs bring this claim individually and on behalf of the members of the proposed

10   Nationwide Class. In the alternative, Plaintiffs bring this claim individually and on behalf of the

11   proposed California Subclass and New York Subclass.

12       93.    California Commercial Code ("Cal. Comm. Code") § 2313 provides that "(a) Any

13   affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes

14   part of the basis of the bargain creates an express warranty that the goods shall conform to the

15   affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the

16   bargain creates an express warranty that the goods shall conform to the description." Cal. Comm.

17   Code § 2313. New York's express warranty law is identical. *See* New York Uniform Commercial

18   Code ("N.Y. U.C.C.") § 2-313.

19       94.    Defendant has expressly warranted that the Season Features contain a specific number

20   of episodes, which consumers understand to mean standard, plot-based episodes. These

21   representations about the Season Features: (1) are affirmations of fact or promises made by Apple, to

22   consumers, that the Season Features will provide a specific number of standard, content-based

23   episodes; (2) became part of the basis of the bargain to purchase the Season Features; and (3) created

24   an express warranty that the Season Features would conform to the affirmation of fact or promise. In

25   the alternative, the representations are descriptions of goods, which were made as part of the basis of

26   the bargain to purchase the Season Features, and which created an express warranty that the Season

27   Features would conform to the Season Features' description.

28

95.     Plaintiffs and members of the Classes reasonably and justifiably relied on the foregoing express warranty in purchasing the Season Features, believing that that the Season Features did in fact conform to the warranty.

96.     Apple has breached the express warranty made to Plaintiffs and members of the Classes by failing to sell the Season Features to satisfy the warranty that the Season Features would provide a specific number of standard, plot-based episodes.

97.     Plaintiffs and members of the Classes did not obtain the full value of the Season Features as represented.  If Plaintiffs and members of the Classes had known of the true nature of the Season Features, they would not have purchased the Season Features or would have paid less for them.

98.     As a result, Plaintiffs and members of the Classes have suffered injury and deserve to recover all damages afforded under the law.

### FIFTH CLAIM FOR RELIEF
#### Breach of Implied Warranty
*(for the Nationwide Class; in the alternative, for the California Subclass and New York Subclass)*

99.     Plaintiffs repeat the allegations contained in paragraphs 1-58 above as if fully set forth herein.

100.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class. In the alternative, Plaintiffs bring this claim individually and on behalf of the proposed California Subclass and New York Subclass.

101.     California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Cal. Comm. Code § 2314(1). New York implied warranty law is identical in this respect. *See* N.Y. U.C.C. § 2-314(1).

102.     Furthermore, California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least such as . . . [c]onform to the promises or affirmations of fact made on the container or label if any."  Cal. Comm. Code § 2314(2)(f). New York implied warranty law is

1    identical in this respect. *See* N.Y. U.C.C. § 2-314(2)(f).

2         103.    Apple is a merchant with respect to the sale of TV shows and TV show season bundles,

3    such as the Season Features in this action.  Therefore, a warranty of merchantability is implied in

4    every contract for sale of the Season Features to consumers.

5         104.    In representing on the home page of the TV shows that the Season Features contain a

6    specific number of episodes, Apple has provided a promise or affirmation of fact to consumers that

7    the Season Features would provide consumers with the same number of episodes.

8         105.    However, many of these "episodes" are not true episodes, but rather promotional clips

9    which consumers do not interpret as episodes.

10        106.    Therefore, Apple has breached its implied warranty of merchantability regarding the

11   Products.

12        107.    If Plaintiffs and members of both the Classes had known that the Season Features did

13   not conform to Apple's promise or affirmation of fact, they would not have purchased the Season

14   Features or would have paid less for them.  Therefore, as a direct and/or indirect result of Defendant's

15   breach, Plaintiffs and members of the Classes have suffered injury and deserve to recover all damages

16   afforded under the law.

**SIXTH CLAIM FOR RELIEF**
**Common Law Fraud**
**(*for the Nationwide Class; in the alternative, for the California Subclass***
***and New York Subclass*)**

17

18

19        108.    Plaintiffs repeat the allegations contained in paragraphs 1-58 above as if fully set forth

20   herein.

21        109.    Plaintiffs bring this claim individually and on behalf of the members of the Classes

22   against Defendant.

23        110.    Apple has willfully, falsely, and knowingly over-represented the number of episodes

24   included in the sale of its Season Features. Therefore, Apple has made knowing misrepresentations

25   as to the Season Features.

26        111.    Apple's misrepresentations were material (i.e., the type of misrepresentations to which

27   a reasonable person would attach importance and would be induced to act thereon in making purchase

28

19
**CLASS ACTION COMPLAINT**

1   decisions), because they relate to the composition of the Season Features, the number of episodes

2   included in the purchase.

3       112.    Apple knew or recklessly disregarded the fact that the Season Features would provide

4   consumers with fewer episodes than what was represented to consumers before their purchase.

5       113.    Apple intended that Plaintiffs and other consumers rely on these representations, as

6   the representations are made prominently on the home screen of TV shows sold on Apple's iTunes

7   store.

8       114.    Plaintiffs and members of the Classes have reasonably and justifiably relied on

9   Defendant's misrepresentations when purchasing the Season Features and had the correct facts been

10  known, would not have purchased the Season Features or would not have purchased them at the prices

11  at which they were offered.

12      115.    Therefore, as a direct and proximate result of Apple's fraud, Plaintiffs and members

13  of the Classes have suffered economic losses and other general and specific damages, including but

14  not limited to the amounts paid for the Products, and any interest that would have accrued on those

15  monies, all in an amount to be proven at trial.

16

17                          **SEVENTH CLAIM FOR RELIEF**
                            **Quasi-Contract/Restitution**
18      *(for the Nationwide Class; in the alternative, for the California Subclass*
                          *and New York Subclass)*

19      116.    Plaintiffs repeat the allegations contained in paragraphs 1-58 above as if fully set forth

20  herein.

21      117.    Plaintiffs bring this claim individually and on behalf of the members of the Classes

22  against Defendant.

23      118.    As alleged herein, Apple intentionally, recklessly, and/or negligently made a

24  misleading representation about the Season Features to Plaintiffs and members of the Classes to

25  induce them to purchase the Products.  Plaintiffs and members of the Classes have reasonably relied

26  on the misleading representation and have not received all of the benefits promised by Apple.

27  Plaintiffs and members of the Classes therefore have been induced by Apple's misleading and false

28

**CLASS ACTION COMPLAINT**

1  representations about the Season Features, and paid for them when they would and/or should not

2  have, or paid more money to Apple for the Season Features than they otherwise would and/or should

3  have paid.

4       119.   Plaintiffs and members of the Classes have conferred a benefit upon Apple as Apple

5  have retained monies paid to them by Plaintiffs and members of the Classes.

6       120.   The monies received were obtained under circumstances that were at the expense of

7  Plaintiffs and members of the Classes – i.e., Plaintiffs and members of the Classes did not receive the

8  full value of the benefit conferred upon Apple because Apple did not provide the same number of

9  episodes as originally represented to consumers.

10      121.   Therefore, it is inequitable and unjust for Apple to retain the profit, benefit, or

11 compensation conferred upon them without paying Plaintiffs and the members of the Classes back

12 for the difference of the full value of the benefit compared to the value actually received.

13      122.   As a direct and proximate result of Apple's unjust enrichment, Plaintiffs and members

14 of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust

15 upon all profits, benefits, and other compensation obtained by Apple from its deceptive, misleading,

16 and unlawful conduct as alleged herein.

17      123.   Monetary damages are an inadequate remedy at law because injunctive relief is

18 necessary to deter Apple from continuing its false and deceptive conduct regarding the Products.

19                    **EIGHTH CLAIM FOR RELIEF**
20       **Violation of New York's General Business Law ("GBL"),**
                    **New York Gen. Bus. Law § 349**
21                    ***(for the New York Subclass)***

22      124.   Plaintiff Coyle repeats the allegations contained in paragraphs 1-58 above as if fully

23 set forth herein.

24      125.   Plaintiff Coyle brings this claim individually and on behalf of the members of the

25 proposed New York Subclass against Defendant.

26      126.   By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts

27 and practices by making the material misrepresentations regarding the number of episodes included

28

1   in the sale of its Season Features.

2        127.    The foregoing deceptive acts and practices were directed at consumers.

3        128.    The foregoing deceptive acts and practices are misleading in a material way because

4   they fundamentally misrepresent the number of episodes of the Season Features to induce consumers

5   to purchase them.

6        129.    Plaintiff Coyle and members of the New York Subclass were injured because they

7   paid for the Season Features, which they would not have done, or they would have paid less for had

8   they known that the Season Features carried fewer episodes than represented.

9        130.    On behalf of himself and the members of the New York Subclass, Plaintiff Coyle seeks

10   to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty

11   dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

12

13

14

**NINTH CLAIM FOR RELIEF**
**Violation of New York's GBL,**
**New York Gen. Bus. Law § 350**
***(for the New York Subclass)***

15        131.    Plaintiff Coyle repeats the allegations contained in paragraphs 1-58 above as if fully

16   set forth herein.

17        132.    Plaintiff Coyle brings this claim individually and on behalf of the members of the

18   proposed New York Subclass against Defendant.

19        133.    Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is

20   deceptive and misleading in a material way and which constitutes false advertising in violation of

21   Section 350 of the GBL.

22        134.    Defendant's false, misleading, and deceptive representations of fact, including but not

23   limited to the misrepresentations regarding the Season Features, were and are directed to consumers.

24        135.    Defendant's false, misleading, and deceptive representations of fact, including but not

25   limited to the misrepresentations regarding the Season Features, were and are likely to mislead a

26   reasonable consumer acting reasonably under the circumstances.

27        136.    Defendant's false, misleading, and deceptive representations of fact, including but not

28

**CLASS ACTION COMPLAINT**

1  limited to the misrepresentations regarding the Season Features, have resulted in consumer injury or
2  harm to the public interest.

3       137.    As a result of Defendant's false, misleading, and deceptive representations of fact,
4  including but not limited to the misrepresentation regarding the Season Features, Plaintiff Coyle and
5  members of the New York Subclass have suffered and continue to suffer economic injury.

6       138.    Plaintiff Coyle and members of the New York Subclass suffered an ascertainable loss
7  caused by Defendant's misrepresentations because they paid for the Season Features when they would
8  not have done so, or would have paid less for them, had they known the Season Features had fewer
9  episodes than represented.

10       139.    On behalf of himself and the members of the New York Subclass, Plaintiff Coyle seeks
11  to enjoin the unlawful acts and practices described herein, to recover their actual damages or five
12  hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

13                     **PRAYER FOR RELIEF**

14      WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek
15  judgment against Defendant as follows:

16      a)    For an order certifying the Nationwide Class, the New York Subclass, the
17  California Subclass, and the California Consumer Subclass, under Rule 23 of the Federal Rules of
18  Civil Procedure; naming Plaintiffs as representatives of all Classes, and; naming Plaintiffs'
19  attorneys as Class Counsel to represent all Classes;

20      b)    For an order declaring that Apple's conduct violates the statutes and laws
21  referenced herein;

22      c)    For an order finding in favor of Plaintiffs, and all Classes, on all counts asserted
23   herein;

24      d)    For an order awarding all damages in amounts to be determined by the Court and/or
25  jury;

26      e)    For prejudgment interest on all amounts awarded;

27      f)    For interest on the amount of any and all economic losses, at the prevailing legal

28

**CLASS ACTION COMPLAINT**

1  rate;

2          g)        For an order of restitution and all other forms of equitable monetary relief;

3          h)        For injunctive relief as pleaded or as the Court may deem proper;

4          i)        For an order awarding Plaintiffs and all Classes their reasonable attorneys' fees,

5  expenses and costs of suit, including as provided by statute such as under Fed. R. Civ. P. 23(h),

6  New York Gen. Bus. Law §§ 349 and 350, and California Code of Civil Procedure section 1021.5;

7  and

8          j)        For any other such relief as the Court deems just and proper.

9                                   <u>**DEMAND FOR TRIAL BY JURY**</u>

10         Plaintiffs demands a trial by jury on all issues so triable.

11

12  Dated: October 5, 2018                          **FARUQI & FARUQI, LLP**

13

14                                                  By: *<u>/s/ Benjamin Heikali</u>*
                                                    Benjamin Heikali, Bar No. 307466
15                                                  Joshua Nassir, Bar No. 318344
                                                    10866 Wilshire Blvd., Suite 1470
16                                                  Los Angeles, CA 90024
                                                    Telephone: 424.256.2884
17                                                  Fax: 424.256.2885
                                                    E-mail: bheikali@faruqilaw.com
18                                                          jnassir@faruqilaw.com

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Gabriela Zaragoza, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because Defendant conducts a substantial amount of business in this District, Defendant is incorporated in California, and Defendant maintains its principal place of business in Cupertino, California, which is located in this District.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, executed on October 4, 2017 at Davis, California.

Gabriela Zaragoza

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, Joseph Coyle, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the State of New York. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because Defendant conducts a substantial amount of business in this District, Defendant is incorporated in California, and Defendant maintains its principal place of business in Cupertino, California, which is located in this District.

I declare under penalty of perjury under the laws of the State of New York and the United States of America that the foregoing is true and correct, executed on October 4 , 2017 at New York City, New York.

_____
Joseph Coyle